IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ORIT SKLAR and : | |
| RUTH MALHOTRA, : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:06-CV-0627-JOF |
| G. WAYNE CLOUGH, : | |
| individually and in his official capacity : | |
| as President of the Georgia Institute of : | |
| Technology; GAIL DISABATINO, : | |
| individually and in her official capacity : | |
| as Dean of Students, et al., : | |
| : | |
| Defendants. : | |

**OPINION AND ORDER**

This matter is before the court on Defendants' motion to strike [102-1].

**I.   Background**

    **A.   Procedural History**

On March 16, 2006, Plaintiffs, Orit Sklar and Ruth Malhotra, students at the Georgia Institute of Technology ("Georgia Tech"), filed suit pursuant to 42 U.S.C. § 1983 against Defendants G. Wayne Clough, President of Georgia Tech; Gail DiSabatino, formerly Dean of Students at Georgia Tech; Danielle McDonald, Dean of Student Involvement; Stephanie Ray, Director of Diversity Programs; and Michael D. Black, Director of Housing.

Plaintiffs initially sought a preliminary injunction with respect to the school's "speech code" and "speech zone." The parties reached a settlement concerning those issues on August 8, 2006. Plaintiffs now move for summary judgment as to Georgia Tech's alleged ban on using students' activity fees for religious and political activities and Georgia Tech's alleged unconstitutional establishment of a particular religious view of homosexuality through the Safe Space program. Plaintiffs also seek declaratory and nominal damages concerning the speech code and speech zone. The parties have filed cross motions for summary judgment on both standing and merits issues. Defendants also filed the instant motion to strike certain exhibits filed in conjunction with Plaintiffs' motion for summary judgment. This order concerns only Defendants' motion to strike.

**B.     Contentions**

With respect to each of the identified exhibits, in their motion, Defendants broadly contend that the exhibits have not been properly authenticated, are hearsay, and are not otherwise admissible at trial. Defendants do not, however, offer specific arguments as to why they believe each individual exhibit is hearsay. In reply, Defendants do contend that newspaper articles are hearsay; internet web sites are not self-authenticating; the e-mails produced by Defendants are not admissions of a party-opponent; and Mr. Barham's declaration does not comply with the requirements of Federal Rule of Evidence 1006. Plaintiffs respond by asserting that the exhibits are not hearsay, and even if the court finds

2

them to be hearsay, they may be considered on a motion for summary judgment because they could be reduced to admissible evidence at trial.

## II.     Discussion

### A.     Preliminary Matters

Defendants filed their motion under Federal Rule of Civil Procedure 12(f). As Plaintiffs point out, Rule 12(f) is not the appropriate procedural mechanism for filing objections to materials submitted in conjunction with a motion for summary judgment. Instead, courts treat the motions to strike as objections to the materials filed. *See generally Jordan v. Cobb County*, 227 F. Supp. 2d 1322, 1346-47 (N.D. Ga. 2001) (Carnes, J.) ("The Court first notes that, although defendants have filed the motion to strike pursuant to Rule 12(f), Rule 12(f) applies only to matters within the pleadings. . . . The proper method for challenging the admissibility of evidence in an affidavit is to file a notice of objection to the challenged testimony, not a motion to strike."); *Morgan v. Sears, Roebuck & Co.*, 700 F. Supp. 1574, 1575 (N.D. Ga. 1988) (Forrester, J.) ("Rather than filing a motion to strike as under Rule 12, the proper method for challenging the admissibility of evidence in an affidavit is to file a notice of objection to the challenged testimony."). Thus, although Defendants style their motion under Rule 12(f), the court will consider Defendants' arguments as objections to the materials attached to Plaintiffs' motion for summary judgment.

3

### B. Hearsay Matters on Summary Judgment

In *Macuba v. Deboer*, 193 F.3d 1316 (11th Cir. 1999), the Eleventh Circuit reaffirmed the "general rule [] that inadmissible hearsay cannot be considered on a motion for summary judgment." *Id.* at 1322 (quotation and citation omitted). However, a district court may "consider a hearsay statement in passing on a motion for summary judgment if the statement could be reduced to admissible evidence at trial or reduced to admissible form." *Id.* at 1323 (quotations and citations omitted). In *Macuba*, the court rejected the offered testimony because it was (1) hearsay, (2) could not be admitted at trial under a hearsay exception, and (3) might possibly be used for impeachment at trial, but certainly could not be used as substantive evidence. *Id.* at 1325; *see also Club Car, Inc. v. Club Car (Quebec) Import, Inc.*, 362 F.3d 775, 783 (11th Cir. 2004); *McMillan v. Johnson*, 88 F.3d 1573, 1584 (11th Cir. 1996) (court may consider allowing "otherwise admissible evidence to be submitted in an inadmissible form at the summary judgment stage, though at trial it must be submitted in admissible form").

Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted," and is generally not admissible unless it falls under an exception to the hearsay rule. *See* Fed. R. Evid. 801(c).

Federal Rule of Evidence 801(d)(2)(D) provides that a statement is not hearsay if the "statement is offered against a party and is . . . a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship." *Id.*

### C.  Articles from Georgia Tech's Student Newspaper

Exhibits DD and EE

Exhibit DD is a newspaper article from Georgia Tech's student newspaper, *Technique*, dated April 7, 2006. The article discusses a funding request from the Campus Christian Fellowship for funds to host a benefit concert for the group's Mission Maasai, an effort to help a migrant group suffering from drought in Eastern Africa. The article reports that some members of the student government opposed funding the concert out of concern that the Campus Christian Fellowship would use the opportunity to advocate its religious beliefs. The Joint Financing Committee voted against providing funding for the concert. The article concludes by noting that the finance committee approved a funding request from the Muslim Student Organization for a $500 honorarium for a speaker and money advertising Islamic Awareness week.

Exhibit EE is a newspaper article from *Technique*, dated April 7, 2006, also discussing the Campus Christian Fellowship's request for funding of its benefit concert before the Undergraduate House of Representatives. The group's funding request failed at

5

that level as well. The article indicates that there was debate concerning whether the Muslim Student Organization's request could be considered "religious" in nature, but the request passed.

Defendants contend that these exhibits have not been properly authenticated, are hearsay, and are not otherwise admissible at trial. Plaintiffs respond that courts may consider newspaper articles under certain circumstances of necessity and indicia of reliability and trustworthiness.

In *United States v. Baker*, 432 F.3d 1189 (11th Cir. 2005), the Eleventh Circuit held that newspaper articles were inadmissible hearsay when "relevant primarily to establish the truth of their contents." *Id.* at 1211-12; *see also Dallas County v. Commercial Union Assur. Co.*, 286 F.2d 388, 392 (5th Cir. 1961) (a "newspaper article is hearsay, and in almost all circumstances is inadmissible" but was not abuse of discretion for trial judge to admit 58-year-old newspaper article where it would be difficult to locate eyewitnesses to the fire described in the article). Thus, the court finds that Exhibits DD and EE are hearsay. As *Macuba* instructs, however, a court could still consider such hearsay if it could be reduced to admissible evidence at trial. Plaintiffs, however, do not offer any means by which the articles or the information contained therein could be reduced to admissible form. Therefore, the court GRANTS Defendants' motion to strike Exhibits DD and EE.

**D.    Internet Printouts from Georgia Tech's Website**

6

Exhibit FF

Exhibit FF is an excerpt from Georgia Tech's website discussing Office of Diversity Programs, and specifically the Safe Space program. The excerpt states:

> The Safe Space Program provides a way for people supportive of GLBTQ concerns to identify themselves to the campus and to help gay or questioning students, faculty, and staff. The Office of Diversity Programs works with a student coordinator to administer this program, established in 2003.
> The program's overarching goal is to educate the public and provide a safe atmosphere and open environments for people who have questions about gender and sexuality, whether in their own lives, in the lives of family and friends, or in the wider culture.

*Id.*

Defendants contend that this exhibit has not been properly authenticated, is hearsay, and is not otherwise admissible at trial. Plaintiffs respond that the excerpt is non-hearsay because it is a statement by a party opponent.

The court need not determine whether the excerpt from the Georgia Tech website is hearsay or not because the court finds that if hearsay, the excerpt can be reduced to admissible evidence at trial. Defendants have not argued that the excerpt is not from Georgia Tech's Office of Diversity Programs website. Defendants have not argued the excerpt is not an accurate depiction of what appears on Georgia Tech's website. Contrary to Defendants' protestations, there are surely witnesses within the Georgia Tech community

7

who would be able to authenticate the excerpt. As such, the court DENIES Defendants' motion to strike Exhibit FF.

### E. E-mails Regarding Safe Space Program

Exhibit GG

Exhibit GG is a series of 41 pages of e-mails concerning the Safe Space program. Plaintiffs appear to proffer these e-mails to demonstrate the extent of involvement of Georgia Tech administrators in the Safe Space program. For example, the e-mail found at Exhibit GG - 929 lists Dean Stephanie Ray as a Committee Member for the Safe Space program. Another e-mail indicates Dean Ray's suggestions for answers on a Safe Space FAQ brochure.

At pages 942 - 944, Exhibit GG contains an article printed in "The Whistle," an online newspaper for faculty and staff at Georgia Tech. Dean DiSabatino is quoted in the article as stating "[t]his program was suggested a number of years ago, but for a host of reasons we were not able to get it off the ground. Through effective partnering by the Department of Housing and the Office of Diversity Programs and Issues in Student Affairs, we were finally able to move forward."

The remainder of Exhibit GG (pages 945-970) is a document entitled, "Creating a 'Safe Space' Program at Georgia Tech," authored by The Office of Diversity Issues and

Programs, Department of Housing, Georgia Tech Coming Out Week, and Pride Alliance, dated March 2, 2003.

Defendants contend that this exhibit has not been properly authenticated, is hearsay, and is not otherwise admissible at trial. Plaintiffs respond that the documents have been authenticated because they were produced by Defendants during discovery. Plaintiffs also assert that the information in the documents is not hearsay because it is an admission of a party opponent.

The e-mails in question were produced by Defendants during the discovery process. Such documents are deemed authentic when offered by a party opponent. Furthermore, many of the e-mails in question were authored by Defendant Ray and therefore would be admissible as non-hearsay under Fed. R. Evid. 801(d)(2). *See*, *e.g.*, *United States v. Brown*, 688 F.2d 1112 (7th Cir. 1982) (no error in admitting as evidence documents that defendants possess and were produced in response to plaintiff's request for production of documents); *Anand v. BP West Coast Products LLC*, 484 F. Supp. 2d 1086, 1092 n.11 (C.D. Cal. 2007) (same). Moreover, the fact that some of the e-mails are offered to show recipients in the "to" line does not render them hearsay. Upon review of the e-mails, there is no evidence that the "to" recipients were not intended to be included in the e-mails concerning the Safe Space program, nor do Defendants offer such an assertion. For these reasons, the court DENIES Defendants' motion to strike Exhibit GG.

AO 72A
(Rev.8/82)

Exhibits HH & II

Exhibit HH is also a collection of e-mails and other documents relating to the Safe Space program. The Exhibit includes printouts of training materials and PowerPoint presentations. Exhibit II is another series of e-mails concerning the Safe Space program. The e-mails are written by student Matt Ridley and concern the organization and startup activities for the Safe Space program. Dean Ray is included in the circulation for these e-mails.

Defendants contend that these exhibits have not been properly authenticated, are hearsay, and are not otherwise admissible at trial. Defendants also argue that the statements in the e-mails are not admissions of a party opponent because some of Defendants' names appear only in the "to" line of the e-mail address. Plaintiffs respond that the documents have been authenticated because they were produced by Defendants during discovery. Plaintiffs also assert that the information in the documents is not hearsay because it is an admission of a party opponent.

As the court explained above, the documents are authenticated because they were produced by Defendants in the litigation. Further, to the extent the documents contain e-mails written by Defendants Ray, they would constitute admissions of a party opponent. The court disagrees that no foundation has been laid as to whether the statements relate to a matter within the scope of the declarant's employment. The court has reviewed the e-

10

mails in question. It is evident from the face of the e-mails that Dean Ray's participation in the Safe Space program was not something that happened in her free time or outside of her job. The court, however, leaves for the merits of the case, a decision as to whether Dean Ray's participation in whatever capacity that occurred is sufficient to constitute "state action" for the purposes of Plaintiffs' complaint. The court DENIES Defendants' motion to strike Exhibits HH and II.

### F.   Documents Produced in Discovery

Exhibit LL

Exhibit LL is a document entitled Final & Approved Budgets 2002-2003 produced by Defendants. It contains the budget requests for numerous organizations, such as the African-American Student Union, the Iranian Student Association, and the Pakistani Student Association. It also contains Organizational Budgets for 2003-2004 and Final & Approved Budgets for 2003-2005 for the same organizations.

Defendants contend that this exhibit has not been properly authenticated, is hearsay, and is not otherwise admissible at trial. Defendants further argue that the documents are the business records of Georgia Tech's Student Government Association and therefore, while Defendants could authenticate that the documents were produced in the course of discovery, Defendants could not attest as to the accuracy of the statements in the exhibit.

11

Because Defendants admit these documents are the business records of Georgia Tech's Student Government Association, the court finds that the documents could be reduced to admissible evidence at trial through the testimony of a witness with personal knowledge of how the documents were compiled or maintained. Therefore, the court can consider the documents on Plaintiffs' motion for summary judgment, and the court DENIES Defendants' motion to strike Exhibit LL.

### G.     Internet Websites Not Related to Georgia Tech

Exhibits MM & NN

Exhibit MM is a printout from a website addressed: www.officialkwanzaawebsite.org. It purports to discuss the roots and origins of the Kwanzaa celebration. Exhibit NN is a printout from a website addressed: www.reference.com and purports to discuss the history of a celebration called Norouz. Defendants contend that these exhibits have not been properly authenticated, are hearsay, and are not otherwise admissible at trial. Plaintiffs respond that the court may take judicial notice of the websites in Exhibits MM and NN.

Defendants are correct that courts are hesitant to accept mere printouts from web sites with no foundation or authentication as to its origins. *See*, *e.g.*, *In re Homestore.com, Inc. Securities Litigation*, 347 F. Supp. 2d 769 (C.D. Cal. 2004) ("Printouts from a web site do not bear the indicia of reliability demanded for other self-authenticating documents under

12

Fed. R. Evid. 902. To be authenticated, some statement or affidavit from someone with knowledge is required . . . .").

Thus, the court finds that Plaintiffs have provided no authentication for these exhibits, and the court GRANTS Defendants' motion to strike Exhibits MM and NN. The fact that the court has stricken these exhibits, however, does not mean that Plaintiffs have no means of demonstrating the nature of these two events. The court may take judicial notice of the dictionary definitions.

### H.     Declaration of Travis C. Barham

Travis Barham is an attorney for Plaintiffs. Mr. Barham compiled information from numerous e-mails produced by Defendants. Mr. Barham's summaries attempt to demonstrate that a significant number of Georgia Tech administrators were involved in the development of the Safe Space program. Mr. Barham testified:

> [w]hile reviewing the e-mails to and from members of the Safe Space Committee, I counted the numbers of students and administrators in "to," "from," and "cc" fields based upon the format of their e-mail addresses.
> I compiled this information in a spreadsheet showing the date of the e-mail, the various numbers, and the citation to the documents that Defendants produced. This spreadsheet is attached as Appendix A to this Declaration.
> For each month in which e-mails to or from Safe Space Committee members appeared, I averaged the number of students and administrators on the Committee and compiled this information in a spreadsheet attached as Appendix B to this Declaration.
> Using the figures in Appendix B, I created a chart showing the average ratio of the administrators to students on the Safe Space Committee from January 2003 to September of 2006 and included polynomial trendlines of the fourth order. This chart is attached as Appendix C to this Declaration.

13

*See* Barham Decl., ¶¶ 3-6.

Defendants contend that Mr. Barham's declaration should be stricken (1) because Mr. Barham is a lay witness not disclosed to Defendants, or (2) because he is an expert witness who was not disclosed, and (3) Mr. Barham's declaration is not based on personal knowledge of the contents of the e-mails he reviewed such that Mr. Barham is not able to testify as to the identity of the recipients of the e-mails as administrators or students. In response to Plaintiffs' contention that Mr. Barham's declaration is merely meant to be a "summary" of voluminous documents, Defendants argue that it does not fit within Federal Rule of Evidence 1006 because it does not summarize the contents of the documents and does not explain the manner in which Mr. Barham summarized the documents. Defendants also aver that the analysis presented in the summary is based upon inadmissible hearsay because Mr. Barham relies upon statements made by witnesses, and some of the identifying information for the authors of e-mails is redacted. Finally, Mr. Barham does not explain how he classified certain authors as administrators and others as students.

Because the parties agree now that the evidentiary status of Mr. Barham's declaration should be considered as a "summary" as opposed to a lay or expert witness, the court will consider only Federal Rule of Evidence 1006 which provides:

> The contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation. The originals, or duplicates, shall be made

14

> available for examination or copying, or both, by other parties at reasonable time and place. The court may order that they be produced in court.

Fed. R. Evid. 1006.

From the information in Mr. Barham's declaration, the court discerns that Mr. Barham made the declaration upon his own personal knowledge after reviewing the contents of the Safe Space e-mails turned over by Defendants during discovery. It is true, as Plaintiffs argue, that the court could similarly undertake this summarization, but for several relevant points raised by Defendants. First, Mr. Barham provides no information on which e-mail addressees he designated as "administrative" and which he designated as "student." Mr. Barham asserts that he made these distinctions using the domain name associated with the e-mail address. For example, the court notes that Defendant Ray's e-mail address has the domain name of "vpss.gatech.edu." But the court can only speculate as to how Mr. Barham characterized the other e-mail addresses. Further, although it appears that Mr. Barham took into account possible duplicates of e-mails by categorizing the e-mails by date, it is not clear to the court that he undertook this methodology.

As *Macuba* instructs, however, the court can consider hearsay evidence on a motion for summary judgment if it could be reduced to admissible form at trial. The court finds that with certain modifications and improvements, the summary provided by Mr. Barham could likely be reduced to admissible evidence. Therefore, the court will not strike Mr. Barham's

15

declaration at this time. However, the strength of the information contained therein may be diminished in light of the issues raised above.

### I.     Federal Rule of Evidence 403

Defendants also ask that the court strike each of these exhibits because the probative value of the documents is substantially outweighed by the danger of unfair prejudice to Defendants in violation of Federal Rule of Evidence 403. In pertinent part, Federal Rule of Evidence 403 provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." *Id.*  Rule 403 is an "extraordinary remedy" whose "major function . . . is limited to excluding matters of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *See*, *e.g.*, *United States v. Grant*, 256 F.3d 1146, 1155 (11th Cir. 2001). The Rule carries "a strong presumption in favor of admissibility." *Id.* "[R]elevant evidence is inherently prejudicial; it is only when unfair prejudice substantially outweighs probative value that the rule permits exclusion." *See United States v. King*, 713 F.2d 627, 631 (11th Cir. 1983).

Here, Defendants fail to offer specific argument as to why Defendants would be unfairly prejudiced by any of these exhibits. For example, with respect to Exhibits GG and HH which contain the numerous e-mails relating to the Safe Space program, Defendants contend that they are unfairly prejudiced because of the "inferences" Plaintiffs draw from those documents. Plaintiffs offer the inference that the Safe Space program is a "state

action" because Dean Ray was involved in the formation of the program. As proof of this involvement, Plaintiffs offer numerous e-mails related to the Safe Space program that were sent by or sent to Dean Ray. Defendants may be uncomfortable with Plaintiffs' argument, but that does not render the e-mail documentation which supports that argument "unfairly prejudicial." Whether Dean Ray's involvement in the Safe Space program constitutes "state action" is a question for the merits of the lawsuit and not one appropriate on a motion to strike exhibits for evidentiary reasons. Defendants offer no citation for the proposition that evidence should be stricken due to the "inferences" that the opposing party makes concerning those documents. For these reasons, the court denies Defendants' request to strike these exhibits under Rule 403.

**III.   Conclusion**

The court GRANTS IN PART AND DENIES IN PART Defendants' motion to strike [102-1]. The court GRANTS Defendants' motion to strike Exhibits DD, EE, MM, and NN. The court DENIES Defendants' motion to strike the remaining exhibits.

**IT IS SO ORDERED** this 6th day of July 2007.

                                             s/ J. Owen Forrester
                                             J. OWEN FORRESTER
                               SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)