IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ORIT SKLAR and             :
RUTH MALHOTRA,             :
                           :
      Plaintiffs,          :
                           :    CIVIL ACTION NO.
   v.                      :    1:06-CV-0627-JOF
                           :
G. WAYNE CLOUGH,           :
individually and in his official capacity   :
as President of the Georgia Institute of    :
Technology; GAIL DISABATINO,                :
individually and in her official capacity   :
as Dean of Students, et al.,                :
                           :
      Defendants.          :

**OPINION AND ORDER**

This matter is before the court on Defendants' motion for substitution of mediator [117-1].

Defendants file the instant motion requesting that the court substitute another third-party neutral in place of the Honorable Emmet J. Bondurant. Defendants contend that Mr. Bondurant is litigating against the State of Georgia in a case styled *Common Cause/Georgia v. Billups*, Civil Action No. 4:05-CV-201-HLM, which challenges the state of Georgia's 2005 Photo ID Act. In September of this year, on behalf of Plaintiffs, Mr. Bondurant filed a motion for attorney's fees in that case contending that the original preliminary injunction

granted by the court with respect to the 2005 version of the Photo ID Act rendered Plaintiffs "prevailing parties" under 42 U.S.C. § 1988. Defendants in this case contend that because attorney's fees under 42 U.S.C. § 1988 is one of the issues to be addressed in the mediation, Mr. Bondurant's involvement in the Photo ID case "may impede resolution of the remaining issues in the present lawsuit." *See* Motion, at unnumbered page 2.

The court has located little to no law on the subject of conflict of interest and court-appointed mediators, and Defendants' brief points to none. The court, however, does find the case of *In re Joint Eastern & Southern Districts Asbestos Litigation*, 737 F. Supp. 735 (E.D. & S.D.N.Y. 1990), to be instructive. There, the district court had appointed a special master to act as a settlement master/referee in cases involving asbestos exposure to mediate between the parties in an attempt to avoid trials involving asbestos exposure at the Brooklyn Navy Yard. One of the defendants later moved to disqualify the special master contending that he had acted on its behalf (as well as the other asbestos manufacturers) in the public education and legislative efforts to "promote alternative compensation systems to mass tort litigation." *Id.* at 736-37. The court compared the ethical obligations of the special master to those of a judge and applied 28 U.S.C. § 455 to the defendant's motion. The court also noted that special masters and mediators "will often be chosen from the ranks of practicing attorneys who themselves have prior expertise in the subject matter and prior association with experts in the field" and that in light of this, the Second Circuit found as a "general

2

'rule that disqualification . . . is a matter for the exercise of discretion by the district judge, unless actual bias has been demonstrated.'" *Id.* at 741-42 (citing *Rios v. Enterprise Ass'n of Steamfitters Local 638*, 860 F.2d 1168, 1174 (2d Cir. 1988)).  The court then denied the motion for disqualification finding that there was no actual or perceived bias in the special master's previous work with the asbestos manufacturers.

Of course, the circumstances in the instant case are far less intriguing than those approved by the court in *Asbestos Litigation*.  Most significantly, a court-appointed mediator has none of the powers that come with the appointment of a special master, such that the bar set by section 455 would be far higher than necessary, and by implication, behavior that satisfies section 455 would be more than sufficient for a mediator.  Further, while Mr. Bondurant's motion for attorney's fees as counsel in the Photo ID case raises a legal issue – attorney's fees in a section 1983 action – that might be addressed in the instant case, he has not been involved in any way in the history or litigation of this case.  Nor can Mr. Bondurant's participation in the Photo ID case demonstrate any kind of bias in the unrelated instant litigation involving Georgia Tech.  Finally, Defendants have not articulated any manner in which Mr. Bondurant's involvement in the Photo ID case "may impede resolution" of the remaining issues here.

For the foregoing reasons, the court DENIES Defendants' motion for substitution of mediator [117-1].

3

**IT IS SO ORDERED** this 30th day of October 2007.


                                                  s/ J. Owen Forrester
                                                J. OWEN FORRESTER
                                    SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)